UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLISS J. DAVIS | ) |
|     Plaintiff | ) ) ) ) ) |
| v. | ) Case No. |
| | ) ) JURY TRIAL DEMANDED |
| 123LOAN, LLC. | ) ) |
| Serve Registered Agent:<br>   Insolvency Services Group, Inc.<br>   17401 Ventura Blvd<br>   Suite B-21<br>   Encino, CA 91316 | ) ) ) ) ) ) |
| HSBC MORTGAGE SERVICES, INC. | ) ) |
| Serve Registered Agent:<br>   CT Corporation System<br>   120 South Central Avenue<br>   Clayton, MO 63105 | ) ) ) ) ) |
|     Defendants | ) |

## COMPLAINT

Comes now the Plaintiff Phyllis J. Davis and for her Complaint against Defendants 123Loan, Inc. and HSBC Mortgage Services, Inc. states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Phyllis J. Davis is a resident of the County of St. Louis, State of Missouri.

2. Defendant 123Loan, LLC. ("123Loan") is a limited liability company organized under the laws of the State of Nevada. On or about May 16, 2007, the

Missouri Secretary of State, in response to "Articles of Cancellation of a Foreign Limited Liabilty Company" filed by 123Loan, issued a "Certificate of Cancellation" certifying that 123Loan was "cancelled from" the State of Missouri. At all material times, 123 Loan was doing business in the County of St. Louis State of Missouri. At all relevant times hereto, Defendant 123Loan, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more than four installments.

3. Defendant HSBC Mortgage Services, Inc. ("HSBC") is a corporation organized under the laws of the State of Delaware doing business in the County of St. Louis, State of Missouri.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Plaintiff's claims arise under the Truth In Lending Act ("TILA", 15 U.S.C. § 1601 et seq.) and the Home Ownership Equity Protection Act, ("HOEPA", 15 U.S.C. § 1639 et seq.)

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

### FACTS

7. Plaintiff Phyllis J. Davis is a 56 year old female who is an unsophisticated consumer with little understanding of financial matters.

8. At all material times herein, Plaintiff has lived at 1035 Addison, Drive, St. Louis, MO 63137. (the"Home"). Plaintiff purchased her Home approximately 6 years ago with a mortgage loan from First Horizon Loan Corporation.

9. In May 2006, a 123Loan representative named Dominick Beard told Plaintiff that 123Loan offered a Home Equity Line of Credit whereby she could use her

2

home equity to qualify for a loan up to $15,000 that she could use to pay for anything she wished.

10. Plaintiff told Mr. Beard that she did not need the full $15,000 and asked if she could borrow a smaller amount. Mr. Beard replied that Plaintiff would need to borrow the full amount of $15,000 to become eligible for the loan. However, he assured her that her monthly payments would only be $134 and would not change. Based upon this representation, Plaintiff told Mr. Beard that she would like to apply for the loan.

11. On or about June 9, 2006, a 123Loan representative came to Plaintiff's Home. She told Plaintiff that Plaintiff had been approved for the loan and asked Plaintiff to sign a stack of documents (the "Loan Closing Documents"). Plaintiff did so without careful scrutiny as she trusted and relied upon Dominick Beard's promise that her payments would only be $134 and would not change.

12. Among the Loan Closing documents which Plaintiff signed was a "Home Equity Credit Line Revolving Loan Agreement" ("the Loan") secured by a Deed of Trust on her Home (the "Deed of Trust"). Contrary to Mr. Beard's prior oral representation that her payments would be $134, the Loan contained a fixed interest rate of 10.75 % for just 3 months; thereafter the interest rate was fully indexed at 13.75 % and subject to further daily adjustments thereafter by adding a margin equal to 5.75 % to the highest Prime Rate as published in the Wall Street Journal as of the first business day of the month in which the billing cycle begins. Copies of the Loan and the Deed of Trust are attached hereto as Exhibits A and B respectively.

13. Several days after Plaintiff signed the Loan Closing Documents she received a check in the amount of $12,544 representing the balance of the $15,000 minus the payoff of a tax bill in the amount of $1500 and various alleged closing costs.

14. Due to the "discounted rates" in effect for the first 3 months of the Loan, Plaintiff's initial payments were only $134.38 – an amount that covered interest only and did not amortize her loan. On or about September 17, 2006, however, the fully indexed interest rate of 13.75 % became effective and Plaintiff's monthly payments jumped to approximately $189. Plaintiff has been unable to afford these increased payments.

15. On information and belief, Defendant 123Loan has sold and assigned the Loan to Defendant HSBC.

## COUNT I – TRUTH IN LENDING ACT

16. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15 above as fully as if set forth verbatim herein.

17. In the course of the consumer transaction, Defendant 123Loan violated 15 U.S.C. § 1635 (a) and Regulation Z § 226.23 (12 C.F.R. 226.23 (b) by failing to clearly and conspicuously disclose to Plaintiff her right to rescind the Loan and otherwise failing to materially disclose her right to rescind the Loan.

18. In the "Notice of Right to Cancel" which Defendant 123Loan gave to Plaintiff, a copy of which is attached hereto as Exhibit C, Defendant 123Loan in violation of TILA and Regulation Z:

   a. omitted to specify the date the rescission period expires as required by Regulation Z § 226.15(b)(5) and 226.23 (b)(5);

   b. omitted to specify the "opening date of [her] account;"

4

19. Further, on information and belief, in the course of this consumer transaction, Defendant 123Loan omitted to provide Plaintiff with a Truth-in-Lending Act ("TILA") Disclosure Statement and thereby, violated the disclosure requirements of the TILA and Regulation Z by:

    a. failing to disclose properly and accurately the "amount financed" in violation of 12 C.F.R. § 226.18 (b) and 15 U.S.C. § 1638 (a)(2)(A);

    b. failing to disclose properly and accurately the "finance charge" in violation of 12 C.F.R. § 226.4 and 226.18 (d) and 15 U.S.C. § 1638 (a)(3);

    c. failing to disclose properly and accurately the "annual percentage rate" in violation of 12 C.F.R. § 226.18 (e) and 15 U.S.C. § 1638 (a)(4).

    d. failing to properly disclose the number, amounts and timing of payments schedule to repay the obligation, in violation of 12 C.F.R. § 18(g) and 15 U.S.C. 1638(a)(6); and

    e. failing to clearly and accurately disclose the "total of payments," in violation of 12 C.F.R. § 226.18(h) and 15 U.S.C. § 1638(a)(5).

20. On information and belief, when Defendant 123Loan made the Loan to Plaintiff and immediately advanced the full "credit line" of $15,000, it did not reasonably contemplate repeat transactions by Plaintiff under the Loan. Plaintiff told 123Loan at the outset that she did not wish to borrow the full $15,000 and only did so because 123Loan made it a requirement for her to obtain the loan. Further, on information and belief, Defendant 123Loan knew that Plaintiff would be unable to afford more than the "Minimum Monthly Payment" required under the Loan (if that) which amount covered interest only and was insufficient to amortize the Loan and replenish the alleged credit

line. Finally, the 15 year term of the Loan was inconsistent with a true open-end credit plan. In fact, the Loan was a closed-end loan.

21. The above TILA violations by Defendant 123Loan give Plaintiff the right to rescind the Loan pursuant to 15 U.S.C. §§ 1635 (a) and 1635 (i) and 12 C.F.R. §§ 226.23 (a) (3) and 226.23 (h)(2).

22. As the assignee of the Loan, HSBC is subject to all claims and defenses under the Truth in Lending Act which Plaintiff could assert against Defendant 123Loan, including, without limitation, the right of rescission. 15 U.S.C. § 1641(a) and 1635 (c).

23. On May 29, 2007, Plaintiff rescinded the Loan by sending a notice of rescission to Defendant 123Loan at its offices at 85 Enterprise, Suite 200, Aliso Viejo, CA 92656 and to Defendant HSBC at its offices at P.O. Box 9068, Brandon, FL 33509-9068 by certified mail, return receipt requested. True and accurate copies of the Notice of Rescission sent to Defendants 123Loan and HSBC are attached hereto as Exhibits D and E respectively.

24. Defendants HSBC and 123Loan have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the Deed of Trust on Plaintiff's Home attached hereto as Exhibit B as required by 15 U.S.C. § 1635 (b) and Regulation Z § 226.23 (d) (2).

25. Defendants 123Loan and HSBC have failed to return to Plaintiff any of the money given by the Plaintiff to anyone, including defendants 123Loan and HSBC, as required by 15 U.S.C. § 1635 (b) and Regulation Z § 226.23 (d) (2).

Wherefore, Plaintiff prays that this Court:

    1. Rescind the Loan transaction;

6

2. Order defendants HSBC and 123Loan to take all action necessary to terminate any security interest in Plaintiff's Home created under the transaction and that the Court declare all such security interests void, including but not limited to the Deed of Trust (a copy of which is attached hereto as Exhibit B);

3. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including without limitation Defendants 123Loan and HSBC, in connection with the Loan transaction;

4. Enjoin HSBC and 123Loan during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's Home, from recording any deeds or mortgages regarding the Home or from otherwise taking any steps to deprive Plaintiff of ownership of her Home.

5. Award the plaintiff $2000 in statutory damages against 123Loan and HSBC jointly and severally for disclosure violations and violation of the rescission notice requirement as provided under 15 U.S.C. § 1640 (a);

6. Order that the right to retain proceeds vests in Plaintiff;

7. Award Plaintiff actual damages against 123Loan and HSBC in an amount to be established at trial.

8. Award the Plaintiff her costs;

9. Award such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF HOME OWNERSHIP EQUITY PROTECTION ACT

26. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 above as fully as if set forth verbatim herein.

27. The Loan transaction is subject to the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 et seq. (HOEPA) because, on information and belief, it was a closed-end loan for the reasons set forth above and the Annual Percentage Rate exceeds by more than 10 percentage points the yield on treasury securities having comparable maturities at the time the loan was made. 15 U.S.C. § 1602 (aa)(1)(A).

28. Because the Loan is covered by HOEPA, Defendant HSBC, as the assignee of the Loan, is subject to all claims and defenses with the respect to the Loan and the Deed of Trust that Plaintiff could assert against Defendant 123Loan. 15 U.S.C. § 1641 (d)(1).

29. Defendants 123Loan and HSBC violated HOEPA because at least three days prior to the closing of the Loan, Plaintiff was not given the following disclosures in conspicuous type size:

> You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.

> If you obtain this loan, the lendere will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.

30. On May 29, 2007, Plaintiff rescinded the Loan by sending a notice of rescission to Defendant 123Loan at its offices at 85 Enterprise, Suite 200, Aliso Viejo, CA 92656 and to Defendant HSBC at its offices at P.O. Box 9068, Brandon, FL 33509-9068 by certified mail, return receipt requested. True and accurate copies of the Notice

of Rescission sent to Defendants 123Loan and HSBC are attached hereto as Exhibits D and E respectively.

31. Defendants HSBC and 123Loan have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the Deed of Trust on Plaintiff's Home attached hereto as Exhibit B as required by 15 U.S.C. § 1635 (b) and Regulation Z § 226.23 (d) (2).

32. Defendants 123Loan and HSBC have failed to return to Plaintiff any of the money given by the Plaintiff to anyone, including defendants 123Loan and HSBC, as required by 15 U.S.C. § 1635 (b) and Regulation Z § 226.23 (d) (2).

Wherefore, Plaintiff prays that this Court:

1. Rescind the Loan transaction;

2. Order defendants HSBC and 123Loan to take all action necessary to terminate any security interest in Plaintiff's Home created under the transaction and that the Court declare all such security interests void, including but not limited to the Deed of Trust (a copy of which is attached hereto as Exhibit B);

3. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including without limitation Defendants 123Loan and HSBC, in connection with the Loan transaction;

4. Enjoin HSBC and 123Loan during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's Home, from recording any deeds or mortgages regarding the Home or from otherwise taking any steps to deprive Plaintiff of ownership of her Home.

5. Award the plaintiff $2000 in statutory damages against 123Loan and HSBC jointly and severally for disclosure violations and violation of the rescission notice requirement as provided under 15 U.S.C. § 1640 (a);

6. Order that the right to retain proceeds vests in Plaintiff;

7. Award Plaintiff actual damages against 123Loan and HSBC in an amount to be established at trial.

8. Award the Plaintiff her costs;

9. Award such other and further relief as the Court deems just and proper.

          LEGAL SERVICES OF EASTERN MISSOURI, INC.

*[signature]*
Daniel E. Claggett ED# 2821
4232 Forest Park Avenue
St. Louis, Missouri 63108
(314) 534-4200 telephone
(314) 534-1028 facsimile
E-mail: declaggett@lsem.org

ATTORNEYS FOR PLAINTIFF
PHYLISS J. DAVIS